UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY J. QUATREVINGT | CIVIL ACTION NO. |
| VERSUS | |
| THE PHOENIX INSURANCE COMPANY, ET AL. | 21-328-BAJ-EWD |

**NOTICE AND ORDER**

This is a civil action involving claims for damages by Timothy J. Quatrevingt ("Plaintiff") based upon the injuries he allegedly sustained on May 20, 2020 in a motor vehicle accident that occurred in Ascension Parish, Louisiana (the "Accident").[1] Plaintiff alleges the Accident was caused when the vehicle he was driving was hit by the vehicle driven by Defendant Christopher S. Wilson ("Wilson") while in the course and scope of his employment with Defendant Cable Man, Inc. ("Cable Man") (collectively, "Defendants").[2] On May 4, 2021, Plaintiff filed his Petition for Damages ("Petition") in the Twenty-Third Judicial District Court for the Parish of Ascension against Wilson, Cable Man, and The Phoenix Insurance Company ("Phoenix"), the alleged liability insurer of the vehicle driven by Wilson and owned by Cable Man.[3] Plaintiff contends that he suffered personal injuries and property damage as a result of the Accident, caused by the negligence of Defendants.[4] On June 3, 2021, the matter was removed by Cable Man and Wilson to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[5] However, as explained below, the Notice of Removal is deficient in its allegations regarding the citizenship of the parties and the amount in controversy.

---

[1] R. Doc. 1-2, ¶ 3.
[2] R. Doc. 1-2, ¶¶ 4-5, 8.
[3] R. Doc. 1-2, ¶¶ 4, 6.
[4] R. Doc. 1-2, ¶¶ 5, 7.
[5] R. Doc. 1, ¶ 2.

Proper information regarding about the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal sufficiently alleges that Plaintiff is a domiciliary of Louisiana; Cable Man is a Mississippi corporation with its principal place of business in Mississippi; and Wilson is a domiciliary of Mississippi; therefore, these parties appear diverse.[6] However, the citizenship of Phoenix is alleged to be "a Connecticut domiciled insurance company and is 100% owned by The Travelers Indemnity Company (also a Connecticut domiciled insurance company)," which is insufficient.[7] For purposes of diversity, "[a] corporation is a citizen of its place of incorporation and its principal place of business."[8] Therefore, Phoenix's place of incorporation *and* its principal place of business must be properly pled. If Phoenix both maintains its principal place of business, and is incorporated, in Connecticut, the Notice of Removal should expressly state that.

It is also not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[9] The Petition alleges Plaintiff suffered "resulting injuries and damages" and itemizes the latter as follows:

7.

Plaintiff, Timothy J. Quatrevingt, itemizes his damages as follows:

a) Physical pain and suffering; past, present, and future;
b) Mental pain, anguish and suffering; past, present and future;
c) Medical expenses; past, present and future;
d) Loss of enjoyment of life; past present and future;
e) Permanent disability; past, present, and future;

---

[6] R. Doc. 1, ¶¶ 2(a)-(c).
[7] R. Doc. 1, ¶ 2(d).
[8] 28 U.S.C. § 1332(c). *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").
[9] *See* 28 U.S.C. §1332(a).

> f) Property damage; and
> g) All other damages to which Plaintiff may be entitled under any applicable law.[10]

Defendants merely rely on these allegations in the Notice of Removal, and further assert that discussions with "Defendant's representatives/adjuster" allegedly indicate that "Plaintiff is currently treating with a spine surgeon and in pain management. He has a prior lumbar fusion, has recently undergone a CT myelogram and is seeking injections in his neck and hip."[11]

The foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's general allegations in the Petition of "injuries" and demands for general categories of damages (*e.g.*, physical pain and suffering, mental anguish, loss of enjoyment of life, and permanent disability, *etc.*) are insufficient to establish the amount in controversy.[12] "[C]ourts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[13]

While Defendants allege that some representative of "Defendant" (presumably, Phoenix) has indicated that Plaintiff is treating with a spine surgeon, is in pain management, has undergone

---

[10] R. Doc. 1-2, ¶¶ 5, 7.
[11] R. Doc. 1, ¶ 7.
[12] Allegations of permanent disability, standing alone with no specification as to the affected body part(s), do not establish that a plaintiff's claims are likely to satisfy the amount in controversy requirement. *See Heaverlo v. Victoria's Secret Stores, LLC*, No. 07-7303, 2008 WL 425575, at *3 (E.D. La. Feb. 8, 2008) ("Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case. *In Palmer v. Wal–Mart Stores, Inc.,* No. Civ. A. 95–1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her allegations were 'fairly 'vanilla'' and did not reveal the extent of her injuries. Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.").
[13] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cases cited therein.

fusion and myelogram procedures, and is "seeking injections," Defendants do not provide any independent evidence corroborating these assertions or offer any details regarding Plaintiff's underlying injuries or the alleged treatment provided, including whether Plaintiff has actually had injections; other information regarding treatment provided; whether Plaintiff's injuries are in fact permanent; the cost of Plaintiff's treatment with the surgeon as well as the myelogram (and any other medical expenses incurred); and Plaintiff's prognosis and recommended future treatment, including whether Plaintiff has been recommended for surgery related to this Accident.[14] Defendants have not offered any specific information regarding Plaintiff's property damage. There is also no evidence of medical records or billing, settlement demands, discovery responses or relevant documents produced in discovery relevant to the amount in controversy.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the parties are completely diverse and whether the amount in controversy requirement has been met.[15]

Accordingly,

**IT IS ORDERED** that, on or before **June 11, 2021,** Defendants Christopher S. Wilson and Cable Man, Inc. shall file a motion to substitute their Notice of Removal with a proposed comprehensive amended Notice of Removal (*i.e.*, that includes all of their numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties to establish that the Court has diversity jurisdiction over the case, and which will become the operative Notice of Removal in this matter without reference to any other document in the record.

---

[14] As written, it would appear that Plaintiff's lumbar fusion preexisted the Accident.
[15] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

4

**IT IS FURTHER ORDERED that, on or before June 18, 2021,** Defendants shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED that, on or before July 2, 2021,** Plaintiff Timothy J. Quatrevingt shall file either: (1) a Notice stating that Plaintiff does not dispute that Defendants have established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, June 4, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**